IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAWN STANBERY, on behalf of herself
and all similarly situated employees,

    Plaintiff

v.                                                              CA. NO.  3:13-cv-03313

SAS HEALTHCARE, INC.,

    Defendant.
_____/

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DAWN STANBERY, on behalf of herself and all similarly situated employees, by and through her undersigned attorneys, and sues the Defendant, SAS HEALTHCARE, INC., and in support thereof states as follows:

1.  Plaintiff on behalf of herself and all similarly situated employees brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2.  Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all times pertinent to this complaint, SAS HEALTHCARE, INC. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).  Additionally, Plaintiff and all similarly situated employees were individually engaged in commerce and their work was essential to Defendant's business.

3. Defendant, SAS HEALTHCARE, INC., is a corporation formed and existing under the laws of the State of Texas and which maintains and operates an office in the State of Texas.

4. Plaintiff DAWN STANBERY worked for Defendant as a vocational nurse from July 2011 through November 18, 2012.

5. Plaintiff and all other similarly situated employees were employees of Defendant and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

6. Plaintiff represents a class of similarly situated employees within the meaning of the FLSA consisting of vocational nurses employed by Defendant who were not paid time and one-half their regular rate of pay for hours worked in excess of 40 in any workweek (hereinafter "class").

7. During Plaintiff's employment, and the employment of all similarly situated employees, Defendant required, suffered or permitted Plaintiff and the class to work in excess of 40 hours in one or more workweeks (hereinafter "overtime hours").

8. Defendant was aware that the FLSA required Defendant to pay Plaintiff and each member of the class time and one-half of his or her regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

9. Defendant was aware that Plaintiff and each member of the class had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff and each member of the class.

10. As a result of Defendant's willful violation of the FLSA, Plaintiff and each member of the class are entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendant's willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, respectfully requests that this Court certify this claim as a collective action under the Fair Labor Standards Act and order court supervised notice to the class and further demands judgment against the Defendant for the following:

A. Actual damages provided by law;

B. Liquidated damages as allowed by law;

C. Reasonable attorneys' fees and costs;

D. For pre-judgment interest in the event liquidated damages are not awarded;

E. For such other and further relief to which Plaintiff and members of the class may be justly entitled, whether at law or in equity.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 21st day of August, 2013.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621

JOHN P. POLEWSKI
Texas Bar No. 16088610
POLEWSKI & ASSOCIATES, P.C.
504 E. Pleasant Run Road
DeSoto, Texas 75115
(214) 716-4597 Telephone
(855) 867-4455 Facsimile
**ATTORNEYS FOR PLAINTIFFS**