IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAWN STANBERY, on behalf of herself and all similarly situation employees,** § § § | |
| *Plaintiff,* § | |
| § | **CIVIL ACTION NO. 3:13-CV-03313** |
| VS. § § | |
| **SAS HEALTHCARE, INC.,** § § | |
| *Defendant.* § | |

# DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE U.S. DISTRICT JUDGE BARBARA M.G. LYNN:**

Defendant SAS Healthcare, Inc. ("SAS"), hereby files its Original Answer to Plaintiff's Original Complaint and Demand for Jury Trial ("Complaint").

## I.
### PLAINTIFF'S ORIGINAL COMPLAINT

1.      Defendant admits that Dawn Stanbery ("Stanbery") alleges in this lawsuit claims under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b), but denies that there is any validity to such claims. Defendant admits that Stanbery purports to bring this action on behalf of "herself and all similarly situated employees" but lacks knowledge or information sufficient at this time to form a belief as to whether Stanbery has properly so brought this action. Defendant denies that Stanbery was entitled to any overtime compensation and denies that Defendant failed to pay Stanbery any compensation to which she was entitled. Defendant further denies that Stanbery is entitled to any relief under her claims and denies that Stanbery is entitled to recover any damages, interest, costs or attorney's fees.

2.      Defendant admits that this Court has jurisdiction over this lawsuit. Defendant

lacks knowledge or information sufficient to form a belief as to whether that at all times pertinent to this Complaint, SAS Healthcare, Inc., was an enterprise engaged in interstate commerce, as Stanbery has not identified or defined the scope of time that she identifies as relevant to her Complaint. For the same reason, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant regularly owned or operated businesses engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant lacks knowledge or information sufficient to form a belief as to whether Stanbery and "all similarly situated employees" were individually engaged in commerce as this statement is too broad as written to provide information sufficient to form belief as to the accuracy of this statement. Defendant denies that Stanbery and all similarly situated employees performed work that was essential to Defendant's business.

3. Defendant admits that SAS Healthcare, Inc. is a corporation formed and existing under the laws of the State of Texas and maintains and operates a business in the State of Texas.

4. Defendant admits that Stanbery's employment with Defendant as a vocational ended on November 18, 2012, but lacks knowledge or information sufficient to form a belief at this time as to whether Stanbery's employment began in July 2011, as she claims.

5. Defendant lacks knowledge or information sufficient to form a belief as to whether Stanbery and all other similarly situated employees were employees of Defendant, as this statement is vague and redundant as written. Defendant also lacks knowledge or information sufficient to form a belief as to whether Stanbery and all other similarly situated employees were, at all times relevant to the alleged FLSA violation, engaged in commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1), as Stanbery has not identified or defined the scope of time that she identifies as relevant to her Complaint. Defendant would further note that Stanbery has

failed to limit her "class" of "similarly-situated" employees in any way, not by exempt status nor by job duties, and thus she has failed to identify the members or even type of members of this "class" with enough particularity to supply Defendant with sufficient information or knowledge to form a belief as to Stanbery's claims and allegations regarding her purported "class." Defendant further denies that it ever violated the FLSA and denies that it every failed to pay Stanbery any compensation to which she was entitled.

6. Defendant admits that Stanbery purports to represent a class of similarly situated employees within the meaning of the FLSA, consisting of vocational nurses employed by Defendant who were allegedly not paid time and one-half their regular rate of pay for hours worked in excess of 40 hours in any workweek. Defendant lacks knowledge or information sufficient to form a belief as to whether Stanbery actually does represent such a class of individuals. Further, Defendant denies that Stanbery or any member of her purported class of similarly situated employees were not paid any compensation to which they were entitled. As Stanbery has failed to name a single other allegedly similarly-situated employee, Defendant lacks knowledge or information sufficient to form a belief as to whether any other employee was allegedly not paid overtime compensation to which he or she was entitled.

7. Defendant denies that, during Stanbery's employment, Stanbery required, suffered, or permitted Plaintiff to work in excess of 40 hours in one or more workweeks. As Stanbery has failed to name a single other allegedly similarly-situated employee, Defendant lacks knowledge or information sufficient to form a belief as to whether any other employee was allegedly "required, suffered, or permitted" to work in excess of 40 hours in one or more workweeks.

8. Defendant lacks information sufficient to form a belief as to whether it "was

aware" that the FLSA required Defendant to pay Stanbery time and one-half of her regular rate of pay for each hour of overtime worked, as Stanbery has failed to assert when she claims that Defendant allegedly "was aware" of the FLSA obligation that she asserted applied to her employment or under which she was entitled additional compensation. As Stanbery has failed to name a single other allegedly similarly-situated employee, Defendant lacks knowledge or information sufficient to form a belief as to whether Defendant was aware that the FLSA allegedly required Defendant to pay any other "member of the class" time and one-half of his or her regular rate of pay for each hour of overtime worked. Defendant would again note that Stanbery has failed to limit her "class" of "similarly-situated" employees in any way, not by exempt status nor by job duties, and thus she has failed to identify the members or even type of members of this "class" with enough particularity to supply Defendant with sufficient information or knowledge to form a belief as to Stanbery's claims and allegations regarding her purported "class." Defendant admits that the Fair Labor Standards Act prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek, subject to certain conditions and exemptions. But, Defendant denies that it denied Stanbery' right to overtime compensation under the FLSA.

9.    Defendant denies that Defendant was aware that Stanbery had worked overtime hours during one or more workweeks and then failed or refused to pay overtime pay for overtime hours allegedly worked by Stanbery. Defendant further denies that, to the extent that any failures to pay were made, which Defendant strongly contends did not occur, such actions were done willfully. Defendant lacks information or knowledge sufficient to form a belief as to whether Defendant "was aware that Plaintiff and each member of the class had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay

overtime pay for overtime hours worked by Plaintiff and each member of the class" because Stanbery has failed to name even a single member of her purported "class" and has failed to limit her "class" of "similarly-situated" employees in any way, not by exempt status nor by job duties.

10.  Defendant denies that it committed any unlawful act under the FLSA or violated the FLSA in any way, willfully or not.  Defendant denies that Stanbery or her "class members" are entitled to damages in the amount of unpaid overtime, as there is no overtime that should have been paid.  Defendant denies that Stanbery or her "class members" are entitled to liquidated damages.  Again, Defendant denies that it, willfully or not, failed or refused to pay overtime in violation of the FLSA.  Defendant denies that Stanbery or any of her "class members" are entitled to reasonable attorney's fees and costs, or any other form or relief or damages based on her allegations.

## II.
### AFFIRMATIVE DEFENSES

11.  Defendant acted in conformity with the official written interpretations of the FLSA.

12.  For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendant alleges that Stanbery is not entitled to any liquidated damages under the FLSA because any claimed act(s) or omission(s) giving rise to this action was based on Defendant's reasonable grounds for believing, in good faith, that such act(s) or omission(s) did not violate the FLSA.

13.  For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, to the extent that there are FLSA violations, Defendant has not "willfully" violated the FLSA.

14.  For further answer, if any is needed, and subject to and without waiving the

foregoing denials and defenses, Defendant alleges that Stanbery's claims for unpaid overtime wages are, at least in part, precluded by the FLSA's two-year statute of limitations, which runs from the filing of this action. *See* 29 U.S.C. § 255(a); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008).

15. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Defendant alleges that the Stanbery's damages are reduced by the equitable doctrine of laches because to the extent there are FLSA violations, Stanbery failed to report these FLSA violations to the Defendant or the U.S. Department of Labor so that such practices could be corrected. Therefore, Stanbery's damages should be reduced to the extent that they were caused by her own acts and/or omissions.

16. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, the sole and proximate cause of Stanbery's injuries and damages, if any, are her own acts or omissions.

17. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Stanbery failed to mitigate her damages.

18. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Stanbery failed to exhaust all administrative remedies.

19. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, in the unlikely event that the Defendant is found liable, Stanbery's damages are limited by after-acquired evidence.

20. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Stanbery's claims are barred in whole or in part, by the doctrines of equity, including but not limited to waiver, estoppel and unclean hands.

21. For further answer, if any is needed, and subject to and without waiving the foregoing denials and defenses, Stanbery's claims for relief are limited to the extent statutory damages limitations apply.

22. Defendant reserves the right to assert additional affirmative defenses in the event that and to the extent that additional persons become plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through the course of discovery.

### III.

### REQUEST FOR JURY TRIAL

23. Defendants respectfully request a jury trial in this matter.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant SAS Healthcare, Inc. prays that Stanbery take nothing by this suit and that it recover all costs, including attorneys' fees, expended in its behalf. Praying further, Defendant prays for such other and further relief, either at law or in equity, to which it may be justly entitled.

        Respectfully submitted,

        HERMES SARGENT BATES, LLP
        901 Main Street, Suite 5200
        Dallas, Texas 75202


By:   *Monte K. Hurst*
        Monte K. Hurst
        State Bar No. 00796802
        214.749.6515
        (f) 214.749.6315
        monte.hurst@hsblaw.com

        *Counsel for Defendant SAS Healthcare, Inc.*


## **CERTIFICATE OF SERVICE**

On September 17, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record as follows electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure.

    Mr. Charles L. Scalise
    ROSS LAW GROUP
    1104 San Antonio Street
    Austin, Texas 78701

    Mr. John F. Polewski
    POLEWSKI & ASSOCIATES, P.C.
    1229 E. Pleasant Run Road, Suite 120
    Desoto, Texas 75115


        *Monte K. Hurst*
        Monte K. Hurst